82435-01

CASE NO. 14-01-00582-CR

In re Kevin Wells Diamond      §      In The 178th Judicial
            TDCJ-ID#1040560    §
                               §
v.                             §      District Court Of
                               §
Harris   County District Clerk: §
In His Official Capacity,      §      Harris   County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 09 2015

Abel Acosta, Clerk

WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WELLS, KEVIN DIAMOND, Relator, pro se in the above-styled and numbered cause of action and files this Original Application For Writ Of Mandamus, pursuant to CCrP 1.051 (right to representation by counsel), CCrP 26.04 (appointment of counsel), CCrP 26.051 (indigent inmate) of the Texas Code Of Criminal Procedure, and would show the Court the following:

RELATOR:

Kevin Wells, Diamond, TDCJ# 1040560, is an offender incarcerated in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE and is appearing pro se, who can be reached at the Polunsky unit 3872 FM 350 South Livingston, Texas 77351; Polk County.

I.

Relator is without an adequate level of understanding of law. Relator does not have the legal understanding required to address or argue law, therefore, relator has requested legal representation in accord with CCrP 1.051 in the interest of justice. Relator has forwarded a Motion For Appointment Of Counsel and was duly denied by the trial court. In Martinez v. Ryan, 132 S.Ct. 1309 it quotes, "When the issue cannot be raised on direct

1.

review, moreover, a prisoner asserting[***19] an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim. Halbert,545 U.S. at 619,125 S.Ct. 2582·162 L.Ed.2d 552. To present a claim of ineffective assistance at trial in accordance with state's procedures, then, a prisoner likely needs an effective attorney." Relator's attorney did not raise issues of ineffective assistance of counsel on relator's direct appeal. Relator was denied the right to have an attorney to represent him in collateral proceedings by the trial court on or about January 11th, 2015

## II.

On or about the month of November, 2014, relator forwarded the convicting trial court an Motion For Loan Of Reporter's Records and was denied this right to argue his ineffective assistance of counsel claims in collateral proceeddings, via 11.07 habeas corpus. Relator was in legal need of information in regards to his trial attorney's possible trial strategy; as well as what or any investigative work that his trial attorney may have done. Without any trial records coulpled with the fact that relator is ia norant of the law it is impoosible for relator to comprehend an 11.07 Habeas Corpus Writ,which is the highest writ in the land.

Quoting, Cf.,e.q. id. at 620-621,125 S.Ct.2582,162 L.Ed 2d 552. "The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceedings. The prisoner,unlearned in the law may not comply with the State's procedural rules or may misapprehend the sub stantive detaills of federal constitutional law. (describing

2.

the educational background of the prison population). While confined to prison the prisoner is in no position to develope the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record. Without trial records nor attorney it is impossible for relator to argue an ineffective-assistance-of-counsel claim with any merit.

### III.

Relator's constitutional 14th Amend. rights are being violated by not allowing him effective representation on his Habeas Corpus collateral proceedings, regarding ineffective assistance of trial counsel claims. It is deemed as an "obvious truth"[***20], the idea that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." Gideon v. Wainwright 372 U S. 335, 344, 83 S.Ct. 792[285]9 L.Ed.2d 799(1963). This relator requires the guiding hand of counsel at every stage of the judiciary system and adversary system.

### IV.

PRAYER FOR RELIEF

Relator prays that this Honorable Court grants him one of three possibilities in his quest to argue his ineffective assistance of trial counsel claims; (1)the granting of his informa pauparis claaim of indigent, therefore forwarding relator his trial records, or forwarding relator's trial records to the polun sky unit on loan for relator's use or to appoint relaor with an appellate attorney to argue relator's ineffective assistance of trial counsel claims on collateral proceedings.

Respectfully submitted,

by _Kevin D. Wells_

3.

CAUSE NO. 14-01-00582-CR

KEVIN WELLS DIAMOND  IN THE 178th JUDICIAL
TDCJ-ID # 1040560

V.  DISTRICT COURT OF

Harris COUNTY DISTRICT CLERK:
IN HIS OFFICIAL CAPACITY,  Harris COUNTY, TEXAS

ORDER

On this day, came on to be heard the foregoing Relator's Application for Writ of Mandamus and it appears to the Court that the same should be:

____GRANTED


IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals any answers filed,and a certificate reciting the date upon which that transmittal was made.

SIGNED on this the _____ day of _____,20___.




_____
PRESIDING JUDGE

INMATE'S DECLARATION

I swear under oath that the facts and allegations in the above APPLICATION FOR WRIT OF MANDAMUS are true and correct.

_____
RELATOR

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on THE COURT OF CRIMINAL APPEALS by placing a copy in the unit's mailbox addressed to: Clerk: Abel Acosta, Supreme Ct. Bldg,201 W 14th St.,Rm 106,P.O. Bx. 12308-Austin,Tx. 78711-2308 on this the 4th day of Febuary 2015.

_____
RELATOR